# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LORENZO ROUNDTREE,<br><br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C09-0102-LRR<br>No. CR06-0107-LRR<br><br>ORDER |

_____

This matter appears before the court on Lorenzo Roundtree's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Lorenzo Roundtree ("the movant") filed such motion on July 27, 2009. Also before the court is the movant's motion to proceed in forma pauperis (docket no. 2), filed July 27, 2009, motion to appoint counsel (docket no. 6), filed July 27, 2010, and motion to amend (docket no. 13), filed September 9, 2011.

There is no fee associated with filing a motion under 28 U.S.C. § 2255, and the court does not believe that the movant will be exposed to excessive costs in this action, especially considering the record. Further, to the extent that the movant is seeking in forma pauperis status because he wants the court to appoint an attorney to represent him, the court concludes that appointment of counsel is not warranted in light of the claims that he asserts. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v.*

*Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))).  A cursory review of the record indicates that the movant personally appeared when being arraigned on the charge included in the indictment and that he contemplated entering into a plea agreement with the government but, ultimately, decided to proceed to trial.  In addition, the appellate record indicates that he already litigated several issues, including whether he received sufficient notice with respect to the charge that the government filed against him.  Despite the record, the movant now desires to challenge, among other things, counsel's assistance.  Specifically, the movant alleges that counsel performed deficiently in a number of different ways, including, among other things, that he failed to properly challenge the predicate offense, failed to conduct a reasonable pre-trial investigation and failed to challenge the sufficiency of the evidence, but he then unequivocally states that, had he been fully informed of the life sentence he faced, he would have pleaded guilty.  And, as relief, he merely asks that the court to vacate his life sentence and to resentence him to a term of months.  The movant's statements clearly conflict with each other, and all of the movant's claims appear to be wholly without merit.  Accordingly, the movant's motion to proceed in forma pauperis (docket no. 2) is denied and the movant's motion to appoint counsel (docket no. 6) is denied.

      Having conducted its preliminary consideration of the movant's § 2255 motion and motion to amend pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion and motion to amend on or before

>  May 30, 2012.[1] The government may attach relevant exhibits to its brief.
>
>  2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before June 18, 2012.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance

---

[1] When responding, the government should consider all of the claims included in the original motion and the arguments and authority that the movant included in his motion to amend. Nothing in this order, however, prevents the government from asserting any affirmative defense. So, if warranted, the government may assert that the movant's amended claims are untimely and do not sufficiently relate back to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57).

of counsel.  Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s).  In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s).  This court-supervised response to the movant's allegation(s) must be filed with the court on or before April 30, 2012.  The clerk's office is directed to provide a copy of this order to the movant's former counsel.[2]  After defense counsel complies with the court's directives, the clerk's office is directed to serve both parties with a copy of the documents that defense counsel files.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an

---

[2] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel.  Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010).  It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf.  Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456".  If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion.  To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 4th day of April, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA