# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LORENZO DONTAE ROUNDTREE,<br><br>　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C09-0102-LRR<br>No. CR06-0107-LRR<br><br>ORDER |

　　　This matter appears before the court on Lorenzo Dontae Roundtree's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) and motion to amend (civil docket no. 13). Lorenzo Dontae Roundtree ("the movant") filed the former motion on July 27, 2009 and the latter motion on September 9, 2011. On April 4, 2012, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 and motion to amend. On April 12, 2012, trial counsel filed an affidavit (civil docket no. 17). On April 30, 2012, appellate counsel filed an affidavit (civil docket no. 18). On May 30, 2012, the government filed a resistance (civil docket no. 19). On July 17, 2012, the movant filed a reply (civil docket no. 24). The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255 and motion to amend.

　　　Concerning the movant's motion to amend, the only argument that sufficiently relates back is his jury instruction argument. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United*

*States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). The movant never asserted as a basis for relief that venue existed only in the Southern District or that he would have pleaded guilty if trial counsel informed him that the court would impose a mandatory life sentence as a result of being convicted by the jury. Because only one argument properly relates back, it is appropriate for the court to consider it. The other claims are barred as untimely. Accordingly, the movant's motion to amend (civil docket no. 13) shall be granted in part and denied in part.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment and Fifth Amendment. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that two of the movant's ineffective assistance of counsel claims are untimely and all of the ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court concludes that the conduct

of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and counsel's performance did not prejudice the movant's defense, *id.* at 692-94.

The movant's assertions about trial counsel do not lead the court to conclude that a violation of the Sixth Amendment occurred. With respect to the movant's primary issue, the court finds that the movant did receive notice that he faced a life sentence if convicted. The movant asserts that he first recognized that he faced a life sentence at his sentencing hearing and that, prior to his sentencing hearing, trial counsel repeatedly emphasized that he only faced a maximum sentence of 360 months imprisonment. The movant, however, acknowledged that, prior to his sentencing hearing, he received a copy of the pre-sentence investigation report, which clearly stated that the life sentence requirement under 21 U.S.C. § 841(b)(1)(C) trumped the otherwise applicable guideline range. The movant also acknowledged that he read and understood the pre-sentence investigation report and he did not have any questions about it. Further, as evidenced by his responses while in court, interactions with trial counsel while in court, pro se motion for new trial and pro se notice of appeal, the movant had no reservations about making his gripes known to the court. It is somewhat surprising that the movant did not complain to the court when he realized the pre-sentence report calculated a high-end guideline range over 360 months or when the court informed him during his sentencing hearing that a statutory life sentence would be imposed. It is equally surprising that the movant never made appellate counsel aware of being promised with a sentence that would not be above 360 months imprisonment. Moreover, the court finds that trial counsel is credible. Because count 1 of the indictment charged the movant with knowingly and intentionally distributing heroin which resulted in the death of C.H., there is absolutely no reasonable basis to conclude that an experienced attorney, such as the movant's trial counsel, would have advised the movant that the 360 month maximum as set forth in 21 U.S.C. § 841(b)(1)(C) applied to him. The government did not charge the movant with only distributing heroin after being convicted of a felony

drug offense, and the record reveals that trial counsel correctly focused on how the death of C.H. impacted the movant. It is much more likely that trial counsel advised the movant that, in the event the jury determined the movant distributed heroin but C.H. did not die as a result of using the heroin the movant distributed, a different maximum sentence would apply. Further, the movant's contention that trial counsel misinformed him and he relied on trial counsel's assertion that he only faced a maximum sentence of 30 years is undermined by the court's statements. The movant does not dispute trial counsel's assertion that he provided copies of all of the pleadings to the movant, and, consequently, the court assumes that the movant received a copy of the detention order, which refers to "a lengthy mandatory minimum sentence," not a term of imprisonment of not more than 30 years. Also, during the detention hearing at which the movant personally appeared with trial counsel, the government and the court discussed the potential sentence that the movant faced. After expressing some uncertainty about the impact that the notice under 21 U.S.C. § 851 had on the movant's sentence, the government and the court stated that they thought the 20 years to life provision applied. Neither the parties nor the court referred to a maximum sentence of 360 months imprisonment. So, even though the court alerted the movant to the possibility of a life sentence as a result of the enhancement under 21 U.S.C. § 851, the movant still elected to proceed to trial rather than plead guilty pursuant to the agreement offered by the government. Such choice appears logical in light of the requirement that a life sentence be imposed if the jury found the movant guilty of count 1 of the indictment and the movant's continued insistence that he should not be held responsible for the death of C.H.

With respect to the remaining challenges that pertain to trial counsel, the court finds that all of them lack merit. The record indicates that the movant received adequate notice of a life sentence, the movant had a felony drug conviction that qualified as a predicate offense, a reasonable investigation occurred, no violation of the movant's constitutional right to confront witnesses occurred, sufficient evidence supported the jury's verdict, the

government did not solicit false testimony, the jury instructions are adequate and venue in the Northern District is proper. In light of all the circumstances, the court is unable to conclude that the identified acts or omissions fall outside the range of professionally competent assistance. Trial counsel's alleged failures did not have any conceivable effect on the outcome of the proceedings. Lastly, in light of the record, the court finds wholly unpersuasive the movant's declaration that, if trial counsel correctly advised him about the mandatory life sentence he faced, he would have pleaded guilty to avoid having the government seek increased punishment under 21 U.S.C. § 851.

With respect to appellate counsel, the record makes clear that he raised appropriate arguments on direct appeal. Because appellate counsel is not required to raise frivolous claims, the court is unable to conclude that appellate counsel performed deficiently or that the movant suffered any prejudice as a result of appellate counsel's actions. The movant does not identify one claim that would have resulted in relief if appellate counsel had raised it. No violation of the Fifth Amendment occurred.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are without merit. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000);

*Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant

may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's motion to amend (civil docket no. 13) is granted in part and denied in part.

2) The movant's 28 U.S.C. § 2255 motion (civil docket no. 2) is denied.

3) A certificate of appealability is denied.

**DATED** this 15th day of August, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA