# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| LORENZO ROUNDTREE, | |
| Movant, | No. C09-0102-LRR |
| | No. CR06-0107-LRR |
| vs. | |
| UNITED STATES OF AMERICA. | ORDER |

___

This matter appears before the court on Lorenzo Roundtree's motion to expand the scope of the evidentiary hearing (docket no. 49). Lorenzo Roundtree ("the movant") filed such motion on September 11, 2014. The government filed a resistance (docket no. 50) on September 16, 2014. The movant filed a reply (docket no. 51) on September 17, 2014.

On May 30, 2014, the Eighth Circuit Court of Appeals considered the movant's claim that counsel provided ineffective assistance by failing to advise him of the mandatory nature of the life sentence and instructed the court to hold an evidentiary hearing to determine whether counsel advised the movant that 21 U.S.C. § 841(b)(1)(C) mandated a life sentence in the movant's circumstances and, if not, whether the movant was prejudiced as a result of the omission. On the same date, judgment of the Eighth Circuit Court of Appeals entered. Such judgment indicated that the cause was remanded for proceedings consistent with the opinion of the Eighth Circuit Court of Appeals. On July 10, 2014, the movant filed a petition for rehearing by the panel. In such petition, the movant asked the court to expand the certificate of appealability in light of *Burrage v. United States*, 571 U.S. ___, 134 S. Ct. 881 (2014), and *Ragland v. United States*, 756 F.3d 597 (8th Cir. 2014). On August 15, 2014, the Eighth Circuit Court of Appeals

denied the movant's petition for rehearing by the panel. On August 26, 2014, mandate issued. Such mandate referenced the opinion and judgment of May 30, 2014 and cited Federal Rule of Appellate Procedure 41(a). On August 28, 2014, the court followed the Eighth Circuit Court of Appeals' directive by setting an evidentiary hearing, which is scheduled to take place on October 2, 2014.

The court must do what the Eighth Circuit Court of Appeals instructed it to do; it must implement the letter and spirit of the mandate by taking into account the opinion of the Eighth Circuit Court of Appeals and the circumstances it embraces. *See United States v. Kennedy*, 682 F.3d 244, 253 (3d Cir. 2012); *United States v. Castellanos*, 608 F.3d 1010, 1016-17 (8th Cir. 2010); *Pearson v. Norris*, 94 F.3d 406, 409-10 (8th Cir. 1996); *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990); *Thomas v. Dugger*, 846 F.2d 669, 673 (11th Cir. 1988); *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510-11 (11th Cir. 1987). The Eighth Circuit Court of Appeals' remand is limited. Indeed, it requires the court to address only whether counsel advised the movant that 21 U.S.C. § 841(b)(1)(C) mandated a life sentence in the movant's circumstances and, if not, whether the movant was prejudiced as a result of the omission. The court lacks the authority to address any issue other than the one remanded. Accordingly, the movant's motion to expand the scope of the evidentiary hearing is denied.

**IT IS SO ORDERED**.

**DATED** this 24th day of September, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA